UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:23-cr-00024-SI |
| v. | INDICTMENT |
| ELIZABETH MUNOZ, | 18 U.S.C. § 1343 |
| Defendant. | Forfeiture Allegation |

THE GRAND JURY CHARGES:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1. **ELIZABETH MUNOZ ("MUNOZ")**, defendant herein, lived in the Southeast section of Portland, Oregon.

2. On August 5, 2020, in Case Number 3:20-cr-00316-BR, a federal grand jury in Portland, Oregon, returned an indictment charging **MUNOZ** with 21 counts of aiding and assisting in the preparation and filing of false income tax returns and with four counts of filing false personal income tax returns. There charges were felony crimes.

3. On September 8, 2020, **MUNOZ,** represented by counsel, appeared by telephone before a United States Magistrate Judge for her initial appearance and arraignment on the

**Indictment** <span style="float:right">**Page 1**<br>Revised April 2018</span>

indictment in Case Number 3:20-cr-00316-BR. **MUNOZ** pleaded "not guilty" to all charges in the indictment.

4.     On December 15, 2020, **MUNOZ,** represented by counsel, appeared before a United States District Judge in Portland, Oregon, and in Case Number 3:20-cr-00316-BR pleaded guilty to 13 counts of aiding and assisting in the preparation and filing of false income tax returns and to four counts of filing false personal income tax returns.

5.     The Economic Injury Disaster Loan ("EIDL") program is a Small Business Administration ("SBA") program that provides low-interest financing to small businesses, renters, and homeowners affected by declared disasters.

6.     On March 27, 2020, President Trump signed the Coronavirus Aid, Relief, and Economic Security Act into law. That statute, along with the subsequently enacted Coronavirus Response and Relief Supplemental Appropriations Act, authorized and appropriated funds to the SBA to provide EIDLs of up to $2 million to eligible small businesses experiencing substantial financial disruption due to the COVID-19 pandemic.

7.     In order to obtain an EIDL, an applicant was required to provide information about the subject business's operations, such as the date of opening, number of employees, and past revenues. The applicant was further required to certify that: (1) he or she was not, at the time of the application, subject to an indictment, criminal information, arraignment; (2) had not pleaded guilty to or been convicted of a felony crime involving fraud, bribery, embezzlement or false statement in a loan application or an application for federal financial assistance in the preceding five years, or for any other felony within the preceeding one year; and (3) all the information in the application was true and correct to the best of the applicant's knowledge.

8. Applications and loan agreements for EIDLs were submitted over the Internet to the SBA through computer servers located in Des Moines, Iowa.

9. To pay EIDL proceeds to borrowers, the United States Department of the Treasury sent the loan proceeds to a federal electronic funds transfer center in East Rutherford, New Jersey. The federal electronic funds transfer center in East Rutherford, New Jersey, then electronically transferred the EIDL proceeds to the borrower's bank account.

### COUNTS 1 - 3
### (Wire Fraud)
### (18 U.S.C. § 1343)

10. The allegations in paragraphs 1 through 9 of this Indictment are incorporated as though realleged herein.

### THE SCHEME

11. On or about the dates identified below, defendant **MUNOZ** devised and intended to devise a material scheme to defraud the SBA and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

12. Specifically, **MUNOZ** applied for and obtained three EIDL payments by falsely certifying that at the time of the applications she was not subject to an indictment and had not, within the last year, been convicted of or pleaded guilty to a felony crime.

### MANNER AND MEANS

It was part of this scheme that:

13. On or about June 25, 2020, **MUNOZ** applied for an EIDL, application number 3306654633, for her sole proprietorship, single employee maid and cleaning services business. On this application, **MUNOZ** accurately certified she was not subject to indictment and had not

been convicted of or pleaded guilty to a felony crime within the last 5 years. The SBA declined this application because **MUNOZ's** credit score was too low.

14. On or about February 18, 2021, **MUNOZ** applied for a Targeted EIDL Advance by submitting an addition to her original EIDL application, number 3306654633, to the SBA via a server located in Des Moines, Iowa. When **MUNOZ** submitted her request for a Targeted EIDL Advance, she falsely certified she was not subject to an indictment and had not, within the last year, been convicted of or pleaded guilty to a felony crime.

15. On or about August 23, 2021, in reliance on **MUNOZ's** false certification that she was not subject to an indictment and had not, within the last year, been convicted of or pleaded guilty to a felony crime, the SBA disbursed a Targeted EIDL Advance of $9,000 from its federal electronic funds transfer center in East Rutherford, New Jersey, to **MUNOZ's** member account ending with the digits 5226 at the OnPoint Community Credit Union in Oregon.

16. On or about June 25, 2021, **MUNOZ** applied for a Supplemental Targeted EIDL Advance by submitting an application as an addition to her original EIDL, application number 3306654633 from Multnomah County, Oregon, to the SBA via a server located in Des Moines, Iowa. When **MUNOZ** submitted her request for a Supplemental Targeted EIDL Advance, she falsely certified she was not subject to an indictment and had not, within the last year, been convicted of or pleaded guilty to a felony crime.

17. On or about July 13, 2021, in reliance on **MUNOZ's** false certification that she was not subject to an indictment and had not, within the last year, been convicted of or pleaded guilty to a felony crime, the SBA disbursed a Supplemental Targeted EIDL Advance of $5,000

from its federal electronic funds transfer center in East Rutherford, New Jersey, to **MUNOZ's** member account ending with the digits 5226 at the OnPoint Community Credit Union in Oregon.

18. On or about September 29, 2021, **MUNOZ** requested that the SBA reconsider its denial of her June 2020 EIDL application, #3306654633. **MUNOZ** submitted to the SBA revised financial records and the SBA approved an EIDL for $16,500 on or about November 11, 2021.

19. On or about November 18, 2021, **MUNOZ** digitally signed an EIDL loan agreement for $16,500 and submitted the loan agreement to the SBA. On this loan agreement, **MUNOZ** falsely certified there had not been no substantial adverse change in her financial condition, including a conviction for a felony, since the original date of application for the loan, June 25, 2020.

20. On or about November 23, 2021, in reliance on **MUNOZ's** false certification that there had been no substantial adverse change in her financial condition, including a conviction for a felony, SBA disbursed an EIDL, #2492719101, of $16,500 from its federal electronic funds transfer center in East Rutherford, New Jersey, to **MUNOZ's** member account ending with the digits 5226 at the OnPoint Community Credit Union in Oregon.

## WIRE FRAUD

21. On or about the dates set out below, in the District of Oregon and elsewhere, defendant **ELIZABETH MUNOZ**, for the purpose of executing the scheme to defraud described above, caused to be transmitted by means of wire communication in interstate commerce, the following EIDL proceeds disbursement from East Rutherford, New Jersey to the State of Oregon:

| Count | Date | Interstate Wire Transmission |
|---|---|---|
| 1 | August 23, 2021 | $9,000 Targeted EIDL Advance via interstate wire transmission from East Rutherford, New Jersey to Oregon. |
| 2 | July 13, 2021 | $5,000 Supplemental Target EIDL Advance via interstate wire transmission from East Rutherford, New Jersey to Oregon |
| 3 | November 23, 2021 | $16,500 EIDL disbursement via interstate wire transmission from East Rutherford, New Jersey to Oregon |

All in violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

22.    Upon conviction of the wire fraud offense alleged in Counts 1, 2, or 3, of this Indictment, defendant shall forfeit to the United States pursuant to 18 U.S.C. § 982(a)(1), any and all property, real or personal, involved in or derived from said offense and all property traceable to such property, including but not limited to a money judgment for a sum of money equal to the amount of property involved in or derived from that offense.

23.    If the above-described forfeitable property, as a result of any act or omission of defendant:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b).

Dated: January 18, 2023

A TRUE BILL.



OFFICIATING FOREPERSON

Presented by:

NATALIE K. WIGHT
United States Attorney

SETH D. URAM, DCB #376214
Assistant United States Attorney

Indictment                                                                                           Page 7